Tangie WALTERS, Appellant,

v.

**CLEVELAND REGIONAL MEDICAL CENTER, Shirley Kiefer, and Keith Spooner, M.D., Appellees.**

No. 01–06–01068–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 20, 2007.

Rehearing Overruled Jan. 14, 2008.

Randall M. Jones, McFall, Sherwood & Sheehy, Richard A. Sheehy, Sheehy, Serpe & Ware, P.C., Houston, for Appellant.

Robert G. Smith, Lorance & Thompson, P.C., Houston, for Appellee.

Panel consists of Justices TAFT, HANKS, HIGLEY.

## OPINION

GEORGE C. HANKS, JR., Justice.

Tangie Walters, appellant, appeals the trial court's grant of Cleveland Regional Medical Center and Shirley Kiefer's (collectively "Cleveland") and Keith Spooner, M.D.'s motions for summary judgment. Walters argues that she alleged and offered evidence that the medical malpractice statute of limitations cut off her claim before she knew or reasonably should have known of her injury, in contravention of the open courts guarantee of the Texas Constitution. TEX. CONST. art. I, § 13. She also asserts that Cleveland and Spooner failed to establish conclusively that there was no genuine issue of material fact that she should have discovered her injury and filed suit within the limitations period. We affirm.

## Background

On December 1, 1995, Keith Spooner, M.D. delivered Tangie Walters's fourth child at Cleveland Regional Medical Center. The same day, Spooner performed a bilateral tubal ligation on Walters. Walters was taken to the recovery room in stable condition, and all surgical sponges were accounted for according to the sponge count performed by nurse Shirley Kiefer. After the surgery, Walters began suffering chronic abdominal pain, which progressively worsened over the next 10 years. The pain was more intense during her menstrual cycle, with bowel movements, and during certain physical activities. She also suffered various ailments during this time, including bladder infections, frequent urination, vaginal bleeding, lymph node infections, sinus problems, pneumonia-like symptoms, insomnia, and fatigue. Beginning in March 1998, more than two years after the surgery, she was treated by primary care physicians, who performed blood and urine tests, and prescribed antibiotics, antidepressants, and sleep medications.

In April 2005, almost 10 years after the surgery, Walters went to Mary Garnepudi, M.D., a gynecologist. While performing a routine exam, Garnepudi noticed something unusual and decided to perform a laparoscopy, which revealed a bulky uterus, multiple pelvic adhesions, and pelvic congestion. Garnepudi referred Walters to Tracy Pipkin, M.D. Due to Walters's continued pain, Pipkin conducted an exploratory laparotomy and hysterectomy. Pipkin noticed a mass connected to the small bowel and brought in another surgeon for an intraopertive consultation. The mass was removed and was determined to be a surgical sponge encapsulated in fibrous tissue. Pipkin told Walters that the sponge had been there for awhile because "a lot of stuff" had grown around it.

Walters testified that she believes that her physical problems—the weakening of her immune system and her subsequent surgeries, including the hysterectomy—resulted from the retained sponge. She brought a medical negligence suit against Spooner and Cleveland Regional Medical Center on August 23, 2005, and later amended her petition to include Kiefer as a defendant. All defendants filed traditional motions for summary judgment, asserting that Walters's claims were barred by the two-year statute of limitations applicable to medical malpractice claims. See TEX. CIV. PRAC. & REM.CODE ANN. § 74.251(a) (Vernon 2005). Walters responded by asserting that the statute of limitations violated her open courts guarantee under the Texas Constitution. TEX. CONST. art. I, § 13. The trial court granted both motions for summary judgment against Walters. Walters now appeals

## Open Courts Guarantee

In two issues, Walters argues that the open courts guarantee saves her claim from being barred by the two-year medical malpractice statute of limitations. In her first issue, Walters claims that she alleged and offered some evidence that the application of the two-year limitations period cut off her claim before she knew or should have known of its existence, in contravention of the open courts guarantee. In her second issue, Walters asserts that Cleveland and Spooner failed to establish conclusively that there was no genuine issue of material fact that she should have discovered the nature of her injury and claim within two years of her tubal ligation.

## Standard of Review

 We review the granting of summary judgment de novo. *See Nelson v. Chaney,* 193 S.W.3d 161, 165 (Tex.App.-Houston [1st Dist.] 2006, no pet.). When a defendant moves for traditional summary judgment, it must either (1) disprove at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of its affirmative defense, thereby defeating the plaintiff's cause of action. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995). The court takes as true evidence favorable to the non-movant when deciding whether there is a disputed, material fact issue precluding summary judgment, *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985), and all doubts about the existence of a genuine issue of a material fact are resolved against the movant. *Cate,* 790 S.W.2d at 562. If the movant's summary judgment motion and proof facially establish its right to judgment as a matter of law, the burden shifts to the non-movant

to raise a material fact issue sufficient to defeat summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). A summary judgment must be affirmed if any of the theories advanced by the movant is meritorious. *Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995).

## Analysis

In her first issue, Walters argues that she alleged and offered some evidence that application of the two-year statute of limitations cut off her claim before she knew or should have known of its existence. Walters is essentially arguing that she met her burden of establishing an open courts violation that would allow her to file her claim beyond the applicable statute of limitations.

"[N]o health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed." TEX. CIV. PRAC. & REM.CODE ANN. § 74.251(a). Former Article 4590i, Section 10.01 of the Texas Revised Civil Statutes[1] was the predecessor to Subsection 74.251. Because the two-year limitations period described in Subsection 74.251(a) is substantially the same as that described in former Section 10.01, we rely on precedent concerning Section 10.01 in interpreting Subsection 74.251(a). *Kallam v. Boyd,* 232 S.W.3d 774, 776 n. 1 (Tex.2007) (recognizing that Subsection 74.251 is the current version of Section 10.01).

 The two-year limitations period of Section 10.01 is absolute. *See Diaz v.*

1. *See* Act of May 30, 1977, 65th Leg., R.S., ch. 817, § 10.01, 1977 Tex. Gen. Laws 2052, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 864, 884 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 74.251).

*Westphal,* 941 S.W.2d 96, 98 (Tex.1997). However, a plaintiff can save his claim barred by Section 10.01 if he can show that the claim was cut short in violation of the open courts guarantee of the Texas Constitution.[2] *See, e.g., Neagle v. Nelson,* 685 S.W.2d 11, 12 (Tex.1985) (holding that the limitations period of Section 10.01 violated the plaintiff's open courts guarantee). The open courts guarantee is based on the principle that "the Legislature has no power to make a remedy by due course of law contingent on an impossible condition." *Morrison v. Chan,* 699 S.W.2d 205, 207 (Tex.1985). For a litigant to establish that the limitations period of 4590i violated his open courts guarantee, the litigant must:

first show a cognizable, common-law claim that article 4590i's limitations provision restricts. Then, the litigant must show the restriction is unreasonable or arbitrary when balanced against the statute's purpose and basis. The limitations provision in article 4590i section 10.01 does not violate the open courts guarantee if the plaintiff had a reasonable opportunity to discover the alleged wrong and bring suit before the limitations period expired.

*Shah v. Moss,* 67 S.W.3d 836, 842 (Tex. 2001) (citations omitted). Thus, the plaintiff has a burden to raise a fact issue demonstrating that he did not have a reasonable opportunity to discover the alleged wrong before the limitations period expired so that the open courts guarantee applies. *Id.* at 846–47.

The interpretation of "reasonable opportunity to discover the alleged wrong" is the source of the parties' disagreement. Walters argues that this phrase requires an inquiry of whether the plaintiff knew-or-should-have-known of her injury during the limitations period, whereas Cleveland and Spooner contend that the provision applies only if it was impossible-or-exceedingly-difficult for the plaintiff to have discovered the injury during this period. This divergence is understandable given that the language used in applying the open courts guarantee to the two-year statute of limitations of Section 10.01 has been inconsistent. *See O'Reilly v. Wiseman,* 107 S.W.3d 699, 702 (Tex.App.-Austin 2003, pet. denied) ("Language in appellate opinions has made it confusing for both lower courts and litigants to know with certainty when the open-courts provision applies so as to invalidate the limitation period."). However, we agree with the Fort Worth court of appeals, which recognized the test as being whether the plaintiff had a reasonable opportunity to discover the injury and file suit. *Boyd v. Kallam,* 152 S.W.3d 670, 678–81 (Tex.App.-Fort Worth 2004), *pet. denied improvidently granted,* 232 S.W.3d 774 (Tex.2007). Any other variations of the test carry the same meaning. *See id.* at 678. A recent Texas Supreme Court decision is instructive on this issue. In *Yancy v. United Surgical Partners Intern., Inc.,* the Texas Supreme Court gave the following description of the open courts guarantee:

This guarantee differs from tolling provisions. Unlike the discovery rule, which defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the claim, the open courts provision merely gives litigants a reasonable time to discover their injuries and file suit. Because the open courts guarantee does not toll limitations, *courts must determine what constitutes a reasonable time for a claimant to discover her injuries and file suit.*

2. "All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13.

236 S.W.3d 778, 784 (Tex.2007) (emphasis added) (citations omitted). It is clear that courts are to decide what constitutes a reasonable time or opportunity for the plaintiff to discover his injury and file suit. Therefore, Walters had the burden of establishing a fact issue that she did not have reasonable time to discover her injuries and file suit before the limitations period expired.

In her response to the defendants' motions for summary judgment, Walters specifically pleaded an open courts guarantee violation. Walters attached evidence showing that she had no medical training and that the operative report showed that all sponges were accounted for following her tubal ligation. She also directed the trial court to evidence in the defendants' motions for summary judgment, which showed that she had received post-surgical treatment from several doctors, none of whom determined that a retained sponge was the source of her ailments. Walters, arguing that she should not be held to a higher standard than the doctors who treated her, cited *Del Rio v. Jinkins,* which commented on the effects a doctor's misdiagnosis of the source of a plaintiff's pain may have on the plaintiff's ability to discover his injury. 730 S.W.2d 125, 128 n. 1 (Tex.App.-Corpus Christi 1987, writ ref'd n.r.e.) ("[W]e believe that limitations cannot bar a plaintiff who reasonably attempts to learn the cause of his injury but is prevented from doing so through no fault of his own."). Walters also supplemented her response by pointing out that, in his deposition, Spooner was asked whether he agreed that Walters could have and should have known that her condition was related to her tubal ligation, to which he answered he did not.

The fact that Walters had no medical training does not show that she could not have reasonably discovered her injury within the two-year limitations win-

dow; pain itself can be an indicator of injury. *See id.* ("The cases interpreting article 4590i, section 10.01 ... seem to equate feelings of pain with discovery of the injury."). Furthermore, Walters presented no evidence that she saw the medical records that reflected the sponge count. As for Spooner's statement that he does not agree that Walters could have and should have known that her condition was related to her tubal ligation, we agree with Cleveland that such testimony was taken out of the context of Spooner's answer; Spooner disagreed with the statement because he was not in a position to comment on Walters's condition, having not evaluated her. Finally, Walters directed the trial court to her medical records which show a variety of diagnoses from several physicians. However, the records reveal that her first doctor's visit was on March 16, 1998—more than two years after her December 1, 1995 tubal ligation. Thus, the evidence referred to by Walters does not show that she relied on any doctor's misdiagnosis in the two years following her surgery. We hold that Walters failed to establish a fact issue that she did not have a reasonable opportunity to discover her injuries and file suit before the limitations period expired, and, thus, did not meet her burden of establishing the applicability of the open courts guarantee. *See Yancy,* 236 S.W.3d at 784.

Walters's first issue is overruled. Because Walters's first issue is dispositive of her appeal, we need not discuss her second issue.

### Conclusion

We affirm the trial court's grant of Cleveland's and Spooner's motions for summary judgment.