Opinion issued November 30, 
2010

In The
Court 
of Appeals
For The
First 
District of Texas
————————————
NO. 
10-00953-CV
NO. 
10-00956-CV
———————————
In re 
KEITH SPOONER, CLEVELAND REGIONAL MEDICAL CENTER, AND SHIRLEY KIEFER, 
Relators

 
 
Original 
Proceeding on Petition for Writ of Mandamus
 

 
 
O P I N I O N 

          
Tangie 
Walters sued relators, Keith Spooner, 
M.D., Cleveland Regional Medical Center, and Shirley Kiefer for medical 
negligence.  In these two original 
mandamus proceedings, relators challenge the trial court’s October 13, 2010 
order, which declares that relators have judicially admitted certain 
liability-determinative facts and prohibits relators from offering evidence at 
trial to controvert those facts.[1]  
          
We agree with the relators that the trial court clearly abused its 
discretion in rendering the order.  
We also agree that the relators do not have an adequate remedy at 
law.  Accordingly, we conditionally 
grant the requested mandamus relief in each original mandamus 
proceeding.
Background
          
On December 
1, 1995, Dr. Keith Spooner performed a tubal ligation surgery on Tangie Walters 
at Cleveland Regional Medical 
Center.  Shirley Kiefer, a surgical technician, 
assisted Dr. Spooner in the procedure.  
In April 2005, another surgeon recovered a sponge from Walters’s 
abdomen.  Walters claimed that the 
sponge had been left in her abdomen during the 1995 tubal ligation.  In August 2005, Walters sued Dr. 
Spooner, the hospital, and Kiefer.  
She alleged that since the tubal ligation surgery, she had been 
experiencing abdominal pain and a wide range of medical problems.   
          
The three defendants answered by generally denying Walters’s claims.  In 2006, the defendants also moved for 
summary judgment against Walters.  
The hospital and Kiefer filed a joint motion, and Dr. Spooner filed his 
own motion for summary judgment.  In 
both motions, the defendants asserted that the two-year statute of limitations 
barred Walters’s claims.  

          
Walters responded that the Open Courts Clause of the Texas Constitution 
prevents her medical liability claim from being barred by limitations.  Walters offered evidence to show that 
she could not have reasonably discovered the sponge before the running of the 
limitations period.  

          
Walters also filed a motion for partial summary judgment against the 
defendants.  Walters alleged that 
the defendants had judicially admitted that “they left the sponge within 
[Walters] following a tubal ligation and that the sponge caused her harm.”  Walters did not identify the source of 
the judicial admission in her motion.  
Walters also asserted that the doctrine of res ipsa loquitor applies to 
establish the defendants’ liability as a matter of law.
          
Dr. Spooner responded to Walters’s motion by asserting that a fact issue 
existed regarding how the sponge was retained in Walters.  The doctor pointed out that he did not 
perform the 1995 surgery alone.  He 
asserted that Hospital personnel also participated in the surgery and could have 
left the sponge in Walters.  Dr. 
Spooner further averred that other surgical procedures were performed on Walters 
and could be the source of the sponge.  

          
In August 2006, the trial court granted the defendants’ motions for 
summary judgment, which were based on the defendants’ assertion that Walters’s 
medical negligence claims were barred by the applicable two-year statute of 
limitations.  After our court 
affirmed the trial court’s order granting summary judgment against Walters, the 
Texas Supreme Court reversed the decision and held that Walters had raised an 
issue of material fact regarding whether she had discovered the sponge and filed 
suit within a reasonable time.  Walters v. Cleveland Regional Med. Ctr., 
307 S.W.3d 292, 298–99 (Tex. 2010), rev’g 
Walters v. Cleveland Regional Med. Ctr., 264 S.W.3d 154 (Tex. App.—Houston 
[1st Dist.] 2008).  The supreme court remanded the case 
to the trial court for further proceedings.  See id. at 299.  
          
Once back in the trial court, Dr. Spooner filed another motion for 
summary judgment in August 2010.  
Dr. Spooner claimed that the evidence showed that Walters’s medical 
problems, which she claimed were caused by the retained sponge, were actually 
caused by another medical condition that predated the 1995 surgery.  The hospital and Kiefer also have alleged 
that Walters’s medical problems do not emanate from the 1995 tubal ligation 
surgery.
          
Also in August 2010, Walters filed a “Motion to Determine Judicial 
Admissions in Defendants’ Pleadings and Exclude Evidence.”  Walters asserted that, in their 
respective 2006 motions for summary judgment, the defendants had judicially 
admitted that they had left the sponge within Walters and that the sponge had 
caused her injury.  Walters claimed 
that the following language contained in motion for summary judgment filed by 
the hospital and Kiefer constituted a judicial admission: 
Since [Walters] began 
experiencing the pelvic\abdominal pain immediately following the tubal ligation 
and continued to experience chronic pelvic\abdominal pain over the course of 
nine to ten years prior to the removal of the sponge, plaintiff could have and 
should have known that her condition was related to the tubal ligation surgery 
in 1995.  
 
Walters also cited a passage from Dr. 
Spooner’s motion for summary judgment as constituting a judicial admission: 

It is clear based on the 
medical records and Ms Walters’ own testimony that she has had chronic pelvic 
pain, with recurring urinary complaints ever since the tubal ligation in 1995 
and her persistent symptoms, and worsening condition (the chronic pain caused 
anxiety and depression) were clear signs that something was wrong with Ms. 
Walters, which should have and could have been identified as the retained 
sponge.  
 
          
Walters claimed that the 
defendants made these statements in their respective motions for summary 
judgment “clearly, deliberately, unequivocally, and not in the 
alternative.”  Walters requested the 
trial court to enter an order (1) “determining the statements contained in 
Defendants’ May 12, 2006 Motions for Summary Judgment were admissions”; (2) 
“prohibiting the introduction of evidence controverting their admissions”; and 
(3) “preventing submission of any jury questions on the admitted facts.”  
          
The defendants responded 
that, when read in their proper context, the cited statements were not judicial 
admissions.  The defendants asserted that the 
statements, which are found in the “argument” section of the motions for summary 
judgment, were offered to advance the argument that Walters should have 
discovered what was causing her alleged injuries before the expiration of the 
two-year statute of limitations.  
The defendants also 
pointed out that, in other filings and during the discovery process, they had 
consistently denied that they were responsible for Walters’s alleged 
injuries.  
          
After conducting a hearing, the trial court granted Walters’s 
motion.  On October 13, 2010, the 
trial court signed an order providing, 
Defendants have 
judicially admitted that the sponge was retained in the 1995 tubal surgery and 
that the retained sponge caused [Walters] chronic pelvic pain for nine years to 
ten years, that Defendants are prohibited from introducing any evidence 
controverting that the sponge was retained in the 1995 tubal ligation surgery 
and that the sponge caused [Walters’s] chronic pelvic 
pain.
 
          
The hospital, Kiefer, and Dr. Spooner (“Relators” hereinafter) seek 
mandamus relief, requesting this Court to order the trial court to vacate its 
October 13, 2010 order.  

 
Mandamus 
Principles
          
To be entitled to mandamus relief, a relator must meet two 
requirements.  First, the relator 
must show that the trial court clearly abused its discretion.  In re Prudential Ins. Co. of America, 
148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding).  Second, the relator must demonstrate it 
has no adequate remedy by appeal.  
Id. at 
136.
          
A trial court abuses its discretion if it reaches a decision so arbitrary 
and unreasonable as to constitute a clear and prejudicial error of law.  In re Cerberus Capital Mgmt., L.P., 164 
S.W.3d 379, 382 (Tex. 2005) (orig. proceeding).  When reviewing the trial court’s 
decision for an abuse of discretion, we may not substitute our judgment for that 
of the trial court with respect to resolution of factual issues or matters 
committed to the trial court’s discretion.  
See Walker v. Packer, 827 S.W.2d 833, 839 
(Tex. 1992); see also Downer v. 
Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985).  
          
Review of the trial court’s determination of the legal principles 
controlling its ruling is much less deferential.  See Walker, 827 S.W.2d at 840.  A trial court has no discretion in 
determining what the law is or applying the law to the facts, even when the law 
is unsettled.  Prudential, 148 S.W.3d at 135.  A clear failure by the trial court to 
analyze or apply the law correctly will constitute an abuse of discretion.  Walker, 827 S.W.2d at 
840.
          
Absent extraordinary circumstances, mandamus will not issue unless the 
relator lacks an adequate remedy by appeal.  In re Van Waters & Rogers, Inc., 145 
S.W.3d 203, 210–11 (Tex. 2004) (orig. proceeding).  Whether a clear abuse of discretion can 
be adequately remedied by appeal depends on a careful analysis of costs and 
benefits of interlocutory review.  
In re McAllen Med. Ctr., Inc., 
275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding).  Because it depends heavily on 
circumstances, such a cost-benefit analysis must be guided by principles rather 
than by simple rules that treat cases as categories.  See id.  
Clear Abuse of 
Discretion
          
Relators 
assert that the trial court abused its discretion in determining that Relators 
had judicially admitted, in their respective motion for summary judgment, that 
the sponge was retained in the 1995 tubal ligation surgery and that the retained 
sponge caused Walters chronic pelvic pain for nine to ten years.  Concomitantly, Relators contend that the 
trial court abused its discretion by ordering that they are prohibited from 
introducing any evidence to controvert either that the sponge was retained in 
the 1995 tubal ligation surgery or that the sponge caused Walters’s chronic 
pelvic pain.  
          
Assertions of fact, not pleaded in the alternative, in the live pleadings 
of a party are regarded as formal judicial admissions.  Holy Cross Church of God in Christ v. 
Wolf, 44 S.W.3d 562, 568 (Tex. 2001).  A judicially admitted fact is established 
as a matter of law, and the admitting party may not dispute it or introduce 
evidence contrary to it.  Bowen v. Robinson, 227 S.W.3 86, 92 
(Tex. App.—Houston [1st Dist.] 2006, pet. denied).  This rule is based on the public policy 
that it would be absurd and manifestly unjust to permit a party to recover after 
he has sworn himself out of court by a clear and unequivocal statement.  Id. 
          
Nonetheless, a judicial admission must be clear, deliberate, and 
unequivocal.  Regency Advantage Ltd. P’ship v. Bingo 
Idea-Watauga, Inc., 936 S.W.2d 275, 278 (Tex. 1996).  We agree with Relators that, when read 
in context, the passages cited by Walters from each motion for summary judgment 
are not clear, unequivocal, and deliberate statements admitting that the sponge 
was retained in the 1995 tubal ligation or that retained sponge caused Walters 
to suffer chronic pelvic pain for nine years to ten years.  
          
Each motion contained language describing Walters’ claims in terms of 
being allegations.  The hospital’s 
and Kiefer’s motion opens by stating “[t]his is an alleged medical negligence 
action . . . .”  The motion also 
states, “[Walters] brings this suit against defendants alleging that the 
hospital and Shirley Kiefer negligently left the sponge in [her] during the 
bilateral tubal ligation in December 1995.”  In their “argument” section, the movants 
again stated, “[Walters] contends that defendants were negligent in leaving a 
sponge in [her] during the tubal ligation surgery . . . .”  Near the end of the motion, the hospital 
and Kiefer averred, “[Walters] had a reasonable opportunity to discover what was 
allegedly causing her injury . . . .”
          
Likewise, Dr. Spooner’s motion stated that Walters “asserts” that the 
doctor failed to meet the standard of care.  It continues, “The allegation is that a 
sponge was left in Ms. Walters’ abdomen . . . .”
          
In the argument section of each motion for summary judgment, Relators 
averred that Walters’ medical negligence claims were barred by the two-year 
statute of limitations.  Relators 
asserted that Walters did not exercise due diligence in discovering the 
underlying basis of her medical negligence claim.         To support 
their arguments, Relators quoted portions of Walters’s discovery responses, 
medical records, and deposition testimony.  
In these quoted excerpts, Walters described the abdominal pain that she 
had experienced since the 1995 tubal ligation.  Relators used these excerpts to argue 
that Walters should have discovered the source of her claimed injuries within 
the limitations period.  As 
mentioned, Relators stated in other portions of the motions for summary judgment 
that Walters had alleged that a sponge retained in the 1995 tubal ligation was 
the cause of her pain and injuries.  
It is against this backdrop that Relators made the statements at 
issue.  The passages cited by 
Walters as being judicial admissions appear following these excerpts.  
          
When read in the context of the summary judgment proceeding, the record 
shows that Relators offered the statements at issue for the purpose of advancing 
their limitations ground in support of summary judgment.  The record does not sustain the implicit 
finding by the trial court that Relators clearly, deliberately, and 
unequivocally stated that the sponge was retained in the 1995 tubal surgery or 
that the retained sponge caused Walters’s chronic pelvic pain for nine years to 
ten years.  Cf. Holy Cross, 44 S.W.3d at 568 
(determining that party’s agreement regarding a certain fact in its 
summary-judgment response was a judicial admission of that 
fact).
          
Moreover, when read in the context of the mandamus records as a whole, it 
becomes more apparent that the statements at issue are not judicial 
admissions.  See Hasse v. GIM Resources, Inc., No. 
01-09-00696-CV, 2010 WL 3294247, at *7 (Tex. App.—Houston [1st Dist.] Aug. 19, 
2010, no pet.) (considering another pleading in the record besides the motion in 
which judicial admission was allegedly made to determine whether subject 
statement was a judicial admission); Barstow v. State, 742 S.W.2d 495, 509 
(Tex. App.—Austin 1987, writ denied) (same).  The subject statements were offered to 
support Relators’ affirmative defense of limitations; they were not offered to 
disavow or otherwise abandon Relators’ general denial of liability.  See Texas Beef Cattle Co. v. Green, 921 
S.W.2d 203, 212 (Tex. 1996) (recognizing that an affirmative defense does not 
seek to defend by merely denying plaintiff’s claims, but rather seeks to 
establish an independent reason why plaintiff should not recover).  The mandamus records show that, in 
addition to asserting the affirmative defense of limitations, Relators have 
denied, and continue to deny in other filings, Walters’s allegations supporting 
her claims.  
          
In sum, the mandamus records show that the trial court did not properly 
apply the law when determining whether the statements at issue constitute 
judicial admissions.  See Walker, 827 S.W.2d at 840.  We conclude that Relators have shown a 
clear abuse of discretion by the trial court in rendering the October 13, 2010 
order.  
Inadequate Remedy by 
Appeal
          
Because we 
have determined that the trial court clearly abused its discretion, we next 
determine whether Relators have an adequate remedy by appeal.  Answering this question depends on a 
careful balancing of the case-specific benefits and detriments of delaying or 
interrupting a particular proceeding.  See Prudential, 148 S.W.3d at 136.  
          
In Prudential, the supreme 
court offered the following guidance:
The operative word, ‘adequate,’ has no comprehensive 
definition; it is simply a proxy for the careful balance of jurisprudential 
considerations that determine when appellate courts will use original mandamus 
proceedings to review the actions of lower courts.  These considerations implicate both 
public and private interests.  Mandamus review of incidental, 
interlocutory rulings by the trial courts unduly interferes with trial court 
proceedings, distracts appellate court attention to issues that are unimportant 
both to the ultimate disposition of the case at hand and to the uniform 
development of the law, and adds unproductively to the expense and delay of 
civil litigation.  Mandamus review 
of significant rulings in exceptional cases may be essential to preserve 
important substantive and procedural rights from impairment or loss, allow the 
appellate courts to give needed and helpful direction to the law that would 
otherwise prove elusive in appeals from final judgments, and spare private 
parties and the public the time and money utterly wasted enduring eventual 
reversal of improperly conducted proceedings.  An appellate remedy is ‘adequate’ when 
any benefits to mandamus review are outweighed by the detriments.  When the benefits outweigh the 
detriments, appellate courts must consider whether the appellate remedy is 
adequate.
 
 
Id.
          
After reviewing the records, we conclude that this is one of those 
exceptional cases justifying mandamus relief.  The trial court’s October 13, 2010 order 
essentially determines liability against Relators and strips them of their 
ability to mount a meaningful defense.  
As discussed, Relators did not judicially admit that the sponge was 
retained in the 1995 procedure or that the sponge caused Walters’s claimed 
injuries.  Walters has the burden to 
prove her claims at trial, and Relators have a right to defend against those 
claims.  Failure to correct the 
trial court’s abuse of discretion would “so skew[ ] the litigation process that 
any subsequent remedy by appeal [would be] inadequate.”  Travelers Indem. Co. of Conn. v. 
Mayfield, 923 S.W.2d 590, 595 (Tex. 1996) (orig. proceeding) (granting 
mandamus relief in case in which trial court’s abuse of discretion, by requiring 
a party to advance litigation costs of the opposition in addition to its own 
expenses, so “radically skew[ed] the procedural dynamics of the case” that any 
subsequent remedy by appeal was inadequate); see TransAm. Nat. Gas Corp. v. Powell, 
811 S.W.2d 913, 919 (Tex. 1991) (orig. proceeding) (concluding eventual remedy 
by appeal from trial court’s interlocutory order imposing death penalty sanction 
is inadequate because “[t]he entire conduct of the litigation is skewed” by 
imposition of the sanction); In re 
Salazar, 315 S.W.3d 279, 287 (Tex. App.—Fort Worth 2010, orig. 
proceeding).
          
We recognize that the trial court’s order could be reviewed on appeal in 
the event Relators suffer an adverse judgment.  However, to obtain a reversal, Relators 
would be required to prove that the court’s error caused the rendition of an 
improper judgment.  See Tex. R. App. P. 44.1(a)(1).  Denying Relators the right to offer 
evidence to controvert that the sponge was retained in the 1995 surgery or that 
the sponge caused Walters’s chronic pelvic pain would not only skew the 
proceedings and potentially affect the outcome of the litigation, but also 
compromise the presentation of Relators’ defense in ways that are unlikely to be 
apparent in the appellate record.  See In re Brokers Logistics, Ltd., 320 S.W.3d 402, 408 (Tex. App.—El 
Paso 2010, orig. proceeding) (granting mandamus relief, despite availability of 
appellate remedy, in case in which trial court’s order improperly struck 
designation of responsible third party).  
          
In addition, we must consider whether mandamus will spare the litigants 
and the public “the time and money utterly wasted enduring eventual reversal of 
improperly conducted proceedings.”  In 
re Team Rocket, L.P., 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding), 
quoting Prudential, 148 S.W.3d at 
136.  There will be a substantial 
waste of the litigants’ time and money if they were to proceed to trial without 
the error being corrected, proceed through the appellate process only to have 
the judgment reversed, and then retry the case without the evidentiary 
restrictions imposed in the October 13, 2010 order.  We are aware that, standing alone, the 
additional expense and effort of preparing for and participating in trial does 
not justify the issuance of a writ of mandamus.  See Walker, 827 S.W.2d at 842 
(explaining that remedy by appeal not inadequate simply because it may involve 
more delay or cost than mandamus).  Nonetheless, an appellate court may also 
properly consider the waste of judicial resources in determining the adequacy of 
an appeal to remedy the error at issue.  See id. at 843.  Here, the potential waste of private and 
public resources, when combined with the skewing of the proceedings, the 
hampering of Relators’ ability to present their defenses, and the possibility 
that Relators may not be able to successfully prosecute an appeal, supports our 
conclusion that Relators do not have an adequate remedy at law.  See Prudential, 148 S.W.3d at 136; see also Brokers Logistics, Ltd., 320 S.W.3d at 409.  
Conclusion
          
For the reasons discussed herein, we conditionally grant the requested 
mandamus relief in each original proceeding.  We will issue writ only if the trial 
court fails to vacate its October 13, 2010 order.  All pending motions are 
denied.
 
 
                                                                   
Laura Carter Higley
                                                                   
Justice 
 
Panel 
consists of Justices Keyes, Higley, and Bland.




[1]           
Two petitions for writ of mandamus have been filed challenging the 
October 13, 2010 order: one filed by Dr. Spooner (No. 01-10-00953-CV) and 
another filed by Cleveland Regional Medical Center and Kiefer (No. 
01-10-00956-CV).  Because the 
petitions challenge the same order and raise similar arguments, we consider them 
together. 
 
            
The respondent is The Honorable 
Kyle Carter, Presiding Judge of the 125th District Court, Harris County.  The underlying suit is Tangie Walters v. Cleveland Regional Medical 
Center, et al., No. 2005–54075 
(125th Dist. Court, Harris County, Tex.).