**In re Keith SPOONER, Cleveland Regional Medical Center, and Shirley Kiefer, Relators.**

Nos. 10–00953–CV, 10–00956–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 30, 2010.

Rehearing and Rehearing En Banc Overruled Jan. 19, 2011.

See also 307 S.W.3d 292.

R. Brent Cooper, Cooper & Scully, P.C., Dallas, TX, Robert G. Smith, Lorance & Thompson, P.C., Houston, TX, for Appellant.

Christopher Bradshaw–Hull, Law Offices of Christopher Bradshaw–Hull, Houston, TX, for Appellee.

Panel consists of Justices KEYES, HIGLEY, and BLAND.

## OPINION

LAURA CARTER HIGLEY, Justice.

Tangie Walters sued relators, Keith Spooner, M.D., Cleveland Regional Medical Center, and Shirley Kiefer for medical negligence. In these two original mandamus proceedings, relators challenge the trial court's October 13, 2010 order, which declares that relators have judicially admitted certain liability-determinative facts and prohibits relators from offering evidence at trial to controvert those facts.[1]

We agree with the relators that the trial court clearly abused its discretion in rendering the order. We also agree that the relators do not have an adequate remedy at law. Accordingly, we conditionally grant the requested mandamus relief in each original mandamus proceeding.

## Background

On December 1, 1995, Dr. Keith Spooner performed a tubal ligation surgery on Tangie Walters at Cleveland Regional Medical Center. Shirley Kiefer, a surgical technician, assisted Dr. Spooner in the procedure. In April 2005, another surgeon recovered a sponge from Walters's abdomen. Walters claimed that the sponge had been left in her abdomen during the 1995 tubal ligation. In August 2005, Walters sued Dr. Spooner, the hospital, and Kiefer. She alleged that since the tubal ligation surgery, she had been experiencing abdominal pain and a wide range of medical problems.

The three defendants answered by generally denying Walters's claims. In 2006, the defendants also moved for summary judgment against Walters. The hospital and Kiefer filed a joint motion, and Dr. Spooner filed his own motion for summary judgment. In both motions, the defendants asserted that the two-year statute of limitations barred Walters's claims.

Walters responded that the Open Courts Clause of the Texas Constitution prevents her medical liability claim from being barred by limitations. Walters offered evidence to show that she could not have reasonably discovered the sponge before the running of the limitations period.

Walters also filed a motion for partial summary judgment against the defendants. Walters alleged that the defendants had judicially admitted that "they left the sponge within [Walters] following a tubal ligation and that the sponge caused her harm." Walters did not identify the source of the judicial admission in her motion. Walters also asserted that the doctrine of res ipsa loquitur applies to

---

1. Two petitions for writ of mandamus have been filed challenging the October 13, 2010 order: one filed by Dr. Spooner (No. 01–10–00953–CV) and another filed by Cleveland Regional Medical Center and Kiefer (No. 01–10–00956–CV). Because the petitions challenge the same order and raise similar arguments, we consider them together.

The respondent is The Honorable Kyle Carter, Presiding Judge of the 125th District Court, Harris County. The underlying suit is *Tangie Walters v. Cleveland Regional Medical Center, et al.*, No. 2005–54075 (125th Dist. Court, Harris County, Tex.).

establish the defendants' liability as a matter of law.

Dr. Spooner responded to Walters's motion by asserting that a fact issue existed regarding how the sponge was retained in Walters. The doctor pointed out that he did not perform the 1995 surgery alone. He asserted that Hospital personnel also participated in the surgery and could have left the sponge in Walters. Dr. Spooner further averred that other surgical procedures were performed on Walters and could be the source of the sponge.

In August 2006, the trial court granted the defendants' motions for summary judgment, which were based on the defendants' assertion that Walters's medical negligence claims were barred by the applicable two-year statute of limitations. After our court affirmed the trial court's order granting summary judgment against Walters, the Texas Supreme Court reversed the decision and held that Walters had raised an issue of material fact regarding whether she had discovered the sponge and filed suit within a reasonable time. *Walters v. Cleveland Regional Med. Ctr.*, 307 S.W.3d 292, 298–99 (Tex.2010), *rev'g Walters v. Cleveland Regional Med. Ctr.*, 264 S.W.3d 154 (Tex.App.-Houston [1st Dist.] 2008). The supreme court remanded the case to the trial court for further proceedings. *See id.* at 299.

Once back in the trial court, Dr. Spooner filed another motion for summary judgment in August 2010. Dr. Spooner claimed that the evidence showed that Walters's medical problems, which she claimed were caused by the retained sponge, were actually caused by another medical condition that predated the 1995 surgery. The hospital and Kiefer also have alleged that Walters's medical problems do not emanate from the 1995 tubal ligation surgery.

Also in August 2010, Walters filed a "Motion to Determine Judicial Admissions in Defendants' Pleadings and Exclude Evidence." Walters asserted that, in their respective 2006 motions for summary judgment, the defendants had judicially admitted that they had left the sponge within Walters and that the sponge had caused her injury. Walters claimed that the following language contained in motion for summary judgment filed by the hospital and Kiefer constituted a judicial admission:

Since [Walters] began experiencing the pelvic abdominal pain immediately following the tubal ligation and continued to experience chronic pelvic abdominal pain over the course of nine to ten years prior to the removal of the sponge, plaintiff could have and should have known that her condition was related to the tubal ligation surgery in 1995.

Walters also cited a passage from Dr. Spooner's motion for summary judgment as constituting a judicial admission:

It is clear based on the medical records and Ms Walters' own testimony that she has had chronic pelvic pain, with recurring urinary complaints ever since the tubal ligation in 1995 and her persistent symptoms, and worsening condition (the chronic pain caused anxiety and depression) were clear signs that something was wrong with Ms. Walters, which should have and could have been identified as the retained sponge.

Walters claimed that the defendants made these statements in their respective motions for summary judgment "clearly, deliberately, unequivocally, and not in the alternative." Walters requested the trial court to enter an order (1) "determining the statements contained in Defendants' May 12, 2006 Motions for Summary Judgment were admissions"; (2) "prohibiting the introduction of evidence controverting their admissions"; and (3) "preventing submission of any jury questions on the admitted facts."

The defendants responded that, when read in their proper context, the cited statements were not judicial admissions. The defendants asserted that the statements, which are found in the "argument" section of the motions for summary judgment, were offered to advance the argument that Walters should have discovered what was causing her alleged injuries before the expiration of the two-year statute of limitations. The defendants also pointed out that, in other filings and during the discovery process, they had consistently denied that they were responsible for Walters's alleged injuries.

After conducting a hearing, the trial court granted Walters's motion. On October 13, 2010, the trial court signed an order providing,

> Defendants have judicially admitted that the sponge was retained in the 1995 tubal surgery and that the retained sponge caused [Walters] chronic pelvic pain for nine years to ten years, that Defendants are prohibited from introducing any evidence controverting that the sponge was retained in the 1995 tubal ligation surgery and that the sponge caused [Walters's] chronic pelvic pain.

The hospital, Kiefer, and Dr. Spooner ("Relators" hereinafter) seek mandamus relief, requesting this Court to order the trial court to vacate its October 13, 2010 order.

## Mandamus Principles

■ To be entitled to mandamus relief, a relator must meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135 (Tex.2004) (orig. proceeding). Second, the relator must demonstrate it has no adequate remedy by appeal. *Id.* at 136.

■ A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex.2005) (orig. proceeding). When reviewing the trial court's decision for an abuse of discretion, we may not substitute our judgment for that of the trial court with respect to resolution of factual issues or matters committed to the trial court's discretion. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992); *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985).

■ Review of the trial court's determination of the legal principles controlling its ruling is much less deferential. *See Walker*, 827 S.W.2d at 840. A trial court has no discretion in determining what the law is or applying the law to the facts, even when the law is unsettled. *Prudential*, 148 S.W.3d at 135. A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Walker*, 827 S.W.2d at 840.

■ Absent extraordinary circumstances, mandamus will not issue unless the relator lacks an adequate remedy by appeal. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 210–11 (Tex.2004) (orig. proceeding). Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex.2008) (orig. proceeding). Because it depends heavily on circumstances, such a cost-benefit analysis must be guided by principles rather than by simple rules that treat cases as categories. *See id.*

## Clear Abuse of Discretion

Relators assert that the trial court abused its discretion in determining that Relators had judicially admitted, in their

respective motion for summary judgment, that the sponge was retained in the 1995 tubal ligation surgery and that the retained sponge caused Walters chronic pelvic pain for nine to ten years. Concomitantly, Relators contend that the trial court abused its discretion by ordering that they are prohibited from introducing any evidence to controvert either that the sponge was retained in the 1995 tubal ligation surgery or that the sponge caused Walters's chronic pelvic pain.

■ Assertions of fact, not pleaded in the alternative, in the live pleadings of a party are regarded as formal judicial admissions. *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 568 (Tex. 2001). A judicially admitted fact is established as a matter of law, and the admitting party may not dispute it or introduce evidence contrary to it. *Bowen v. Robinson,* 227 S.W.3d 86, 92 (Tex.App.-Houston [1st Dist.] 2006, pet. denied). This rule is based on the public policy that it would be absurd and manifestly unjust to permit a party to recover after he has sworn himself out of court by a clear and unequivocal statement. *Id.*

■ Nonetheless, a judicial admission must be clear, deliberate, and unequivocal. *Regency Advantage Ltd. P'ship v. Bingo Idea–Watauga, Inc.,* 936 S.W.2d 275, 278 (Tex.1996). We agree with Relators that, when read in context, the passages cited by Walters from each motion for summary judgment are not clear, unequivocal, and deliberate statements admitting that the sponge was retained in the 1995 tubal ligation or that retained sponge caused Walters to suffer chronic pelvic pain for nine years to ten years.

Each motion contained language describing Walters' claims in terms of being allegations. The hospital's and Kiefer's motion opens by stating "[t]his is an alleged medical negligence action...." The

motion also states, "[Walters] brings this suit against defendants alleging that the hospital and Shirley Kiefer negligently left the sponge in [her] during the bilateral tubal ligation in December 1995." In their "argument" section, the movants again stated, "[Walters] contends that defendants were negligent in leaving a sponge in [her] during the tubal ligation surgery...." Near the end of the motion, the hospital and Kiefer averred, "[Walters] had a reasonable opportunity to discover what was allegedly causing her injury ..."

Likewise, Dr. Spooner's motion stated that Walters "asserts" that the doctor failed to meet the standard of care. It continues, "The allegation is that a sponge was left in Ms. Walters' abdomen...."

In the argument section of each motion for summary judgment, Relators averred that Walters' medical negligence claims were barred by the two-year statute of limitations. Relators asserted that Walters did not exercise due diligence in discovering the underlying basis of her medical negligence claim. To support their arguments, Relators quoted portions of Walters's discovery responses, medical records, and deposition testimony. In these quoted excerpts, Walters described the abdominal pain that she had experienced since the 1995 tubal ligation. Relators used these excerpts to argue that Walters should have discovered the source of her claimed injuries within the limitations period. As mentioned, Relators stated in other portions of the motions for summary judgment that Walters had alleged that a sponge retained in the 1995 tubal ligation was the cause of her pain and injuries. It is against this backdrop that Relators made the statements at issue. The passages cited by Walters as being judicial admissions appear following these excerpts.

When read in the context of the summary judgment proceeding, the record shows that Relators offered the statements at issue for the purpose of advancing their limitations ground in support of summary judgment. The record does not sustain the implicit finding by the trial court that Relators clearly, deliberately, and unequivocally stated that the sponge was retained in the 1995 tubal surgery or that the retained sponge caused Walters's chronic pelvic pain for nine years to ten years. *Cf. Holy Cross,* 44 S.W.3d at 568 (determining that party's agreement regarding a certain fact in its summary-judgment response was a judicial admission of that fact).

Moreover, when read in the context of the mandamus records as a whole, it becomes more apparent that the statements at issue are not judicial admissions. *See Haase v. GIM Resources, Inc.,* No. 01–09–00696–CV, 2010 WL 3294247, at *7 (Tex. App.-Houston [1st Dist.] Aug. 19, 2010, no pet.) (considering another pleading in the record besides the motion in which judicial admission was allegedly made to determine whether subject statement was a judicial admission); *Barstow v. State,* 742 S.W.2d 495, 509 (Tex.App.-Austin 1987, writ denied) (same). The subject statements were offered to support Relators' affirmative defense of limitations; they were not offered to disavow or otherwise abandon Relators' general denial of liability. *See Texas Beef Cattle Co. v. Green,* 921 S.W.2d 203, 212 (Tex.1996) (recognizing that an affirmative defense does not seek to defend by merely denying plaintiff's claims, but rather seeks to establish an independent reason why plaintiff should not recover). The mandamus records show that, in addition to asserting the affirmative defense of limitations, Relators have denied, and continue to deny in other filings, Walters's allegations supporting her claims.

In sum, the mandamus records show that the trial court did not properly apply the law when determining whether the statements at issue constitute judicial admissions. *See Walker,* 827 S.W.2d at 840. We conclude that Relators have shown a clear abuse of discretion by the trial court in rendering the October 13, 2010 order.

### Inadequate Remedy by Appeal

■ Because we have determined that the trial court clearly abused its discretion, we next determine whether Relators have an adequate remedy by appeal. Answering this question depends on a careful balancing of the case-specific benefits and detriments of delaying or interrupting a particular proceeding. *See Prudential,* 148 S.W.3d at 136.

In *Prudential,* the supreme court offered the following guidance:

The operative word, 'adequate,' has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts. These considerations implicate both public and private interests. Mandamus review of incidental, interlocutory rulings by the trial courts unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil litigation. Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments,

and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings. An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments. When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate.

*Id.*

After reviewing the records, we conclude that this is one of those exceptional cases justifying mandamus relief. The trial court's October 13, 2010 order essentially determines liability against Relators and strips them of their ability to mount a meaningful defense. As discussed, Relators did not judicially admit that the sponge was retained in the 1995 procedure or that the sponge caused Walters's claimed injuries. Walters has the burden to prove her claims at trial, and Relators have a right to defend against those claims. Failure to correct the trial court's abuse of discretion would "so skew[ ] the litigation process that any subsequent remedy by appeal [would be] inadequate." *Travelers Indem. Co. of Conn. v. Mayfield,* 923 S.W.2d 590, 595 (Tex.1996) (orig. proceeding) (granting mandamus relief in case in which trial court's abuse of discretion, by requiring a party to advance litigation costs of the opposition in addition to its own expenses, so "radically skew[ed] the procedural dynamics of the case" that any subsequent remedy by appeal was inadequate); *see TransAm. Nat. Gas Corp. v. Powell,* 811 S.W.2d 913, 919 (Tex.1991) (orig. proceeding) (concluding eventual remedy by appeal from trial court's interlocutory order imposing death penalty sanction is inadequate because "[t]he entire conduct of the litigation is skewed" by imposition of the sanction); *In re Salazar,* 315 S.W.3d 279, 287 (Tex.App.-Fort Worth 2010, orig. proceeding).

We recognize that the trial court's order could be reviewed on appeal in the event Relators suffer an adverse judgment. However, to obtain a reversal, Relators would be required to prove that the court's error caused the rendition of an improper judgment. *See* TEX.R.APP. P. 44.1(a)(1). Denying Relators the right to offer evidence to controvert that the sponge was retained in the 1995 surgery or that the sponge caused Walters's chronic pelvic pain would not only skew the proceedings and potentially affect the outcome of the litigation, but also compromise the presentation of Relators' defense in ways that are unlikely to be apparent in the appellate record. *See In re Brokers Logistics, Ltd.,* 320 S.W.3d 402, 408 (Tex.App.-El Paso 2010, orig. proceeding) (granting mandamus relief, despite availability of appellate remedy, in case in which trial court's order improperly struck designation of responsible third party).

■ In addition, we must consider whether mandamus will spare the litigants and the public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re Team Rocket, L.P.,* 256 S.W.3d 257, 262 (Tex.2008) (orig. proceeding), quoting *Prudential,* 148 S.W.3d at 136. There will be a substantial waste of the litigants' time and money if they were to proceed to trial without the error being corrected, proceed through the appellate process only to have the judgment reversed, and then retry the case without the evidentiary restrictions imposed in the October 13, 2010 order. We are aware that, standing alone, the additional expense and effort of preparing for and participating in trial does not justify the issuance of a writ of mandamus. *See Walker,* 827 S.W.2d at 842 (explaining that remedy by appeal not inadequate simply because it may involve more delay or cost than mandamus). Nonetheless, an

appellate court may also properly consider the waste of judicial resources in determining the adequacy of an appeal to remedy the error at issue. *See id.* at 843. Here, the potential waste of private and public resources, when combined with the skewing of the proceedings, the hampering of Relators' ability to present their defenses, and the possibility that Relators may not be able to successfully prosecute an appeal, supports our conclusion that Relators do not have an adequate remedy at law. *See Prudential,* 148 S.W.3d at 136; *see also Brokers Logistics, Ltd.,* 320 S.W.3d at 409.

## Conclusion

For the reasons discussed herein, we conditionally grant the requested mandamus relief in each original proceeding. We will issue writ only if the trial court fails to vacate its October 13, 2010 order. All pending motions are denied.