

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00323-CV

**REIDIE JAMES JACKSON,**

                                                    **Appellant**

 **v.**

**RICK THALER, TEX. DEP'T OF
CRIMINAL JUSTICE,**

                                                  **Appellee**

---

**From the 278th District Court
Walker County, Texas
Trial Court No. 25,403**

---

## MEMORANDUM OPINION

---

This is an inmate-litigation case under chapter 14 of the Texas Civil Practices and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (West 2002). In seven issues, appellant, Reidie James Jackson, complains about the trial court's final order dismissing his claims as frivolous pursuant to chapter 14. *See id.* We affirm.[1]

---

[1] All pending motions are dismissed as moot.

## I.    BACKGROUND

Jackson is currently incarcerated at the Clements Unit in the Institutional Division of the Texas Department of Criminal Justice in Amarillo, Texas. On December 13, 2010, Jackson filed his original petition alleging a claim for false imprisonment based upon his assertion that he was incarcerated seventy-one days in excess of his 333-day criminal sentence.[2] He sought $110,000 in monetary damages and any other relief necessary to "resolve the controversy." Thereafter, appellees, Rick Thaler and the Texas Department of Criminal Justice, filed an original answer, asserting immunity and numerous affirmative defenses, and a jury demand.[3] The Texas Attorney General filed an amicus curiae brief recommending that Jackson's claim be dismissed for failure to comply with chapter 14. *See id.* On August 2, 2011, the trial court issued an order dismissing Jackson's claims in their entirety as frivolous. This appeal followed.

## II.    STANDARD OF REVIEW

Inmate litigation is governed by the procedural rules set forth in chapter 14 of the civil practice and remedies code. *See id.* §§ 14.001-.014 (West 2002 & Supp. 2011); *see also McBride v. Tex. Bd. of Pardons & Paroles*, No. 13-05-559-CV, 2008 Tex. App. LEXIS 1290, at *6 (Tex. App.—Corpus Christi Feb. 21, 2008, pet. denied) (mem. op.). The Texas Legislature enacted chapter 14 to control the flood of lawsuits filed in state courts by

---

[2] Apparently, at some point, Jackson was released from prison, though the precise date is unclear based on this record. His complaint pertains to a June 9, 1999 conviction for possession of a controlled substance, which resulted in a three-year prison sentence with 333 days of time credited. In any event, he is currently incarcerated based upon a separate criminal offense.

[3] In one of his numerous motions filed in the trial court, Jackson identified Thaler as the Director of the Texas Department of Criminal Justice.

prison inmates, which consume valuable judicial resources with seemingly little offsetting benefit. *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ). This Court has noted:

> Prisoners have everything to gain and little to lose by filing frivolous suits. It costs them almost nothing; time is of no consequence to a prisoner; threats of sanctions are virtually meaningless; and the prisoner can look forward to a day trip to the courthouse. Thus, the temptation to file a frivolous suit is strong. Such suits, however, waste valuable resources and subject the state and its prison officials to the burden of unwarranted litigation, preventing claims with merit from being heard expeditiously.

*Id.* (internal citations omitted) (citing *Spellmon v. Sweeney*, 819 S.W.2d 206, 209 (Tex. App.—Waco 1991, no writ)).

Generally, the dismissal of inmate litigation under chapter 14 is reviewed for abuse of discretion. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.). "To establish an abuse of discretion, an appellant must show the trial court's actions were arbitrary or unreasonable in light of all the circumstances. The standard is clarified by asking whether the trial court acted without reference to any guiding rules or principles." *Spurlock v. Schroedter*, 88 S.W.3d 733, 735-36 (Tex. App.—Corpus Christi 2002, pet. denied) (internal citations omitted). We may not substitute our judgment for that of the trial court with respect to the resolution of factual issues or matters committed to the trial court's discretion. *See In re Spooner*, 333 S.W.3d 759, 763 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding); *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). The judgment of the trial court will be affirmed if that judgment can be upheld on any reasonable theory supported by the evidence. *Ex parte E.E.H.*, 869 S.W.2d 496, 497-98 (Tex. App.—Houston [1st Dist.] 1993,

writ denied); *Harris County Dist. Attorney's Office v. Burns*, 825 S.W.2d 198, 200 (Tex. App.—Houston [14th Dist.] 1992, writ denied). And, we consider only the evidence most favorable to the judgment, and if there is some evidence to support the judgment, we will affirm. *State v. Knight*, 813 S.W.2d 210, 211 (Tex. App.—Houston [14th Dist.] 1991, no writ).

The trial court has broad discretion to dismiss an inmate's claim as frivolous. *Schroedter*, 88 S.W.3d at 736. In fact, section 14.003 authorizes the trial court to dismiss an inmate's claim, either before or after service of process, if the claim is found to be frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2). To determine whether a claim is frivolous, the trial court may consider if: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *Id.* § 14.003(b); *see Schroedter*, 88 S.W.3d at 736.

Furthermore, the trial court is not required to conduct a hearing before dismissing a case pursuant to chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c). Instead, the question of whether to hold a hearing is committed to the trial court's discretion. *See id.*; *see also McCray v. Mulder*, No. 12-10-00349-CV, 2011 Tex. App. LEXIS 5884, at *10 (Tex. App.—Tyler July 29, 2011, no pet.) (mem. op.) (citing *Hamilton v. Pechacek*, 319 S.W.3d 801, 810 (Tex. App.—Fort Worth 2010, no pet.)). Thus, in this case, the trial court was not required to provide Jackson with an opportunity to respond before dismissing his claim under section 14.003. *See, e.g., Geiger v. Garcia*, No. 10-07-

00404-CV, 2009 Tex. App. LEXIS 7885, at *3 (Tex. App.—Waco Oct. 7, 2009, no pet.)

(citing *Gowan v. Tex. Dep't of Criminal Justice*, 99 S.W.3d 319, 323 (Tex. App.—Texarkana

2003, no pet.)).

### III.     THE TRIAL COURT'S ORDER OF DISMISSAL

In his seven issues, Jackson contends that:  (1) the trial court erred in dismissing

his lawsuit because he has a First Amendment right to file suit and because the

dismissal denied him due process; (2) the trial court violated Texas Rule of Civil

Procedure 308 by failing to enforce an order signed on February 9, 2011[4]; (3) the trial

court erred by not allowing him to prosecute his claim against the defendants

---

[4] Texas Rule of Civil Procedure 308 provides that:

> The court shall cause its judgments and decrees to be carried into execution; and where the judgment is for personal property, and it is shown by the pleadings and evidence and the verdict, if any, that such property has an especial value to the plaintiff, the court may award a special writ for the seizure and delivery of such property to the plaintiff; and in such case may enforce its judgment by attachment, fine[,] and imprisonment.

TEX. R. CIV. P. 308.

In the February 9, 2011 order of which Jackson complains, the trial court ordered that the Texas Attorney General's Office file an amicus curiae brief within sixty days of receipt of the order.  Jackson appears to argue that the filing of the amicus curiae brief was not timely filed.  We do not find this argument to be meritorious, especially considering the Attorney General's Office filed its amicus curiae brief on February 28, 2011, less than thirty days after the trial court signed its order.

And, to the extent that Jackson argues that the Attorney General's Office is not authorized to represent Thaler, we point out that article IV, section 22 of the Texas Constitution provides that the Attorney General "shall represent the State in all suits and pleas in the Supreme Court of the State in which the State may be a party . . . and perform such other duties as may be required by law."  TEX. CONST. art. IV, § 21; *see Brady v. Brooks*, 99 Tex. 366, 89 S.W. 1052, 1055 (1905).  In addition, sections 101.103 and 104.004 of the civil practice and remedies code authorize the Attorney General's Office to defend public servants.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.103 (West 2011) (stating that the Attorney General's Office shall defend each action brought under the Texas Tort Claims Act "against a governmental unit that has authority and jurisdiction coextensive with the geographical limits of this state"); *see id.* § 104.004 (West 2011) (requiring the Attorney General's Office to defend a public servant against a suit for damages based upon actions within the scope of the public servant's employment).  We therefore find this argument lacking an arguable basis in law as well.

separately; (4) the trial court was biased and refused him a fair trial; (5) Thaler did not obey the trial court's orders—in particular, the February 9, 2011 order—and thereby prejudiced Jackson's case; (6) the trial court erred in dismissing his lawsuit without notice and a hearing; and (7) the trial court erred in relying on chapter 14 to analyze his lawsuit.

When the trial court dismisses a claim without conducting a fact hearing, which is the case here, the issue on appeal is whether the claim had an arguable basis in law. *See Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.) (citing *Martin v. Tex. Bd. of Criminal Justice*, 60 S.W.3d 226, 229 (Tex. App.—Corpus Christi 2001, no pet.); *Sawyer v. Tex. Dep't of Criminal Justice*, 983 S.W.2d 310, 311 (Tex. App.—Houston [1st Dist.] 1998, pet. denied)). Based on our review of the record, including all of the briefs and responses he has filed in this Court, we conclude that Jackson's false-imprisonment claim has no arguable basis in law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(2); *see also Brewer*, 268 S.W.3d at 767; *Spurlock*, 94 S.W.3d at 658; *Schroedter*, 88 S.W.3d at 736. This is true for many reasons, which we will now explain.

First, the crux of Jackson's underlying lawsuit is that he was wrongfully incarcerated for a period beyond his judicially-imposed sentence.[5] The United States Supreme Court has stated that "Congress has determined that habeas corpus is the

---

[5] In his original petition, Jackson did not reference title 42, section 1983 of the United States Code. *See* 42 U.S.C. § 1983; *see also Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.) ("To determine whether a trial court has properly determined that there is no arguable basis in law for a claim, 'we examine the types of relief and causes of action appellant pleaded in his petition to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief.'" (quoting *Jackson v. Tex. Dep't of Criminal Justice-Inst. Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet. denied))).

appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of [section] 1983." *Prieser v. Rodriguez*, 411 U.S. 475, 490, 93 S. Ct. 1827, 1836, 36 L. Ed. 2d 439 (1973). Later, in *Heck v. Humphrey*, the United States Supreme Court clarified that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to [section] 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement . . . ." 512 U.S. 477, 486, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Therefore, because Jackson challenges the validity of the fact and duration of his confinement, the proper remedy is a habeas corpus petition in the federal court. *See Heck*, 512 U.S. at 486, 114 S. Ct. at 2372; *see also Prieser*, 411 U.S. at 490, 93 S. Ct. at 1836.

Next, Jackson fails to identify a basis in law for his claim of money damages; instead, he simply asserts, without explaining, that he should be paid $110,000 in money damages for the alleged false imprisonment. Though he cites to the Texas Penal Code, Texas Constitution, and other avenues for redress, Jackson cannot bring a private cause of action under these provisions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 103.001 (West Supp. 2011) (providing that a person is entitled to compensation if, among other things, he served time in prison and has received a full pardon on the basis of innocence or has been granted relief in accordance with a writ of habeas corpus—none of which apply here); *Smith v. City of League City*, 338 S.W.3d 114, 127 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("The due process provisions of the Texas Constitution do not imply a cause of action for damages."); *Spurlock*, 94 S.W.3d at 658 ("However, the Texas

Penal Code does not create private causes of action . . . ."); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 380 (Tex. 2009) ("With the limited ultra vires exception . . . governmental immunity protects government officers sued in their official capacities to the extent that it protects their employers.").[6]

Therefore, because we have concluded that Jackson's lawsuit does not have an arguable basis in law, we cannot say that the trial court abused its discretion in dismissing Jackson's lawsuit as frivolous without a hearing. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(2); *see also Brewer*, 268 S.W.3d at 767; *Schroedter*, 88 S.W.3d at 736. Accordingly, we overrule all of Jackson's issues pertaining to the trial court's order of dismissal.

## IV.   JACKSON'S REQUESTS FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

While we recognize that we are required to review and evaluate pro se pleadings with liberality and patience, we are also required to apply the same standards applicable to pleadings drafted by lawyers. *See Foster v. Williams*, 74 S.W.3d 200, 202 (Tex. App.—Texarkana 2002, pet. denied). In light of that, Jackson also appears to argue

---

[6] On appeal, Jackson asserts that Thaler's actions were ultra vires; however, in his original petition, Jackson did not allege that Thaler acted outside the scope of his employment such that his actions were ultra vires. *See Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011) (stating that "all [common-law] tort theories alleged against a governmental unit . . . are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106." (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008))). In addition,

> [i]t is fundamental that a suit against a state official is merely another way of pleading an action against the entity of which [the official] is an agent. A suit against a state official in his official capacity is *not* a suit against the official personally, for the real party in interest is the entity. Such a suit actually seeks to impose liability against the governmental unit rather than on the individual specifically named and is, in all respects other than name . . . a suit against the entity.

*Id.* at 382 n.68 (internal citations & quotations omitted).

that he was entitled to findings of fact and conclusions of law from the trial court. Here, Jackson requested such findings. And when the trial court failed to enter such findings, Jackson sent the trial court a letter notifying it that the findings were past due. *See* TEX. R. CIV. P. 297.

Texas courts have held that, when a trial court renders judgment or dismisses a cause without hearing any evidence, findings of fact are not appropriate. *See IKB Indus., Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997); *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 655 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (holding that there is no duty to file findings after dismissal of an inmate suit under Texas Civil Practice and Remedies Code chapter 14); *Timmons v. Luce*, 840 S.W.2d 582, 586 (Tex. App.—Tyler 1992, no writ); *see also Walker v. Callahan*, No. 04-05-00095-CV, 2005 Tex. App. LEXIS 7887, at **3-4 (Tex. App.—San Antonio Sept. 28, 2005, no pet.) (mem. op.); *Khufu v. Stringfellow*, No. 12-03-00362-CV, 2005 Tex. App. LEXIS 3291, at *7 (Tex. App.—Tyler Apr. 29, 2005, pet. denied) (mem. op.). Thus, the trial court had no duty to file findings of fact and conclusions of law in this case. *See IKB Indus., Ltd.*, 938 S.W.2d at 443; *Retzlaff*, 94 S.W.3d at 655; *Timmons*, 840 S.W.2d at 586; *see also Walker*, 2005 Tex. App. LEXIS 7887, at **3-4; *Khufu*, 2005 Tex. App. LEXIS 3291, at *7. As such, this issue is overruled.

## V. CONCLUSION

Having overruled all of Jackson's issues on appeal, we affirm the judgment of the trial court.

AL SCOGGINS
Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed February 29, 2012
[CV06]