**Opinion issued June 6, 2019**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-18-00825-CV**

———————————

## IN RE HOUSTON LIVESTOCK SHOW AND RODEO, INC., Relator

———————————

**Original Proceeding on Petition for Writ of Mandamus**

———————————

## MEMORANDUM OPINION

Relator, Houston Livestock Show and Rodeo, Inc. (HLSR), has filed a petition for a writ of mandamus, challenging the trial court's order granting a Motion to Consolidate/Transfer HLSR's declaratory judgment suit from one Harris County district court to another Harris County district court. The defendant in the declaratory judgment action and the real party in interest is Dolcefino Communications, LLC,

doing business as Dolcefino Consulting (Dolcefino).[1] In its sole issue, HLSR contends that the trial court abused its discretion in granting the motion and HLSR is entitled to relief because it does not have an adequate remedy by appeal. We conditionally grant the petition.

## Background

Brie Ana Williams filed suit, in Harris County district court, against HLSR, two individuals, and the Los Vaqueros Rio Grande Trail Ride Association, seeking damages arising from a sexual assault at a trail ride event (the "personal injury suit"). The personal injury suit was assigned to the 334th District Court of Harris County and docketed as cause number 2017-19367.

Williams retained Dolcefino "as an investigative consultant." On March 23, 2018, Dolcefino sent to HLSR, in correspondence that made no reference to the personal injury suit, "a formal request to inspect and if desired obtain copies of records" under section 22.353 of the Texas Business Organizations Code.[2] Dolcefino

---

[1]     The underlying case is *Brie Ana Williams v. Alvin Wesley Prine, David L. Ramirez, Los Vaqueros Rio Grande Trail Ride Association, LLC, and Houston Livestock Show and Rodeo, Inc.*, Cause Number 2017-19367, in the 334th District Court of Harris County, Texas, the Honorable Steven Kirkland presiding; and initially filed as *Houston Livestock Show and Rodeo, Inc. v. Dolcefino Communications, LLC d/b/a Dolcefino Consulting*, Cause Number 2018-50038, in the 113th District Court of Harris County, Texas.

[2]     *See* TEX. BUS. ORGS. CODE ANN. § 22.353 (requiring certain nonprofit corporations to keep "records, books, and annual reports of the corporation's financial activity" and make those records, books, and annual reports available to public for inspection and copying).

2

requested "[a] searchable ledger detailing payments made to any security company" from January 1, 2012 through December 31, 2013, and January 1, 2017 through the present; and "PDF copies of documents detailing any payments made to settle any litigation involving harassment or assault, redacted to exclude any information made confidential under state law, between January 1, 2012 through the present." During the next several months, Dolcefino also requested inspection of other financial records and documents, including:

- "[f]inancial records detailing the purchase of all furniture since January 1, 2016";
- "[f]inancial records" detailing expenditures for travel and entertainment since January 1, 2016";
- "[f]inancial records detailing the prizes and awards for Champion livestock at the Rodeo for the last two years, including the payments to the winners, and documents detailing the use of all remaining proceeds";
- "financial records detailing the purchase of any services or materials or anything of value from any Board Members as identified in 990 tax returns since January 1, 2015";
- "[s]alaries and compensation of all current rodeo officers and employees";
- "[d]ocuments detailing any complaints of sexual harassment or sexual assault from Jan. 1, 2013 to the present";
- "[d]ocuments detailing all employees terminated from Jan. 1, 2013 to the present"; and
- "[d]ocuments detailing all expenditures on travel and entertainment from Jan. 1, 2013 to the present."

After Dolcefino sent his initial request, HLSR moved for a protective order in the 334th District Court where the personal injury suit was pending, contending that

3

"[n]one of the permissible forms of discovery includ[ed] a public inspection request to a non-profit institution." HLSR asserted that Williams was "attempting to circumvent" the discovery rules "by abusing" section 22.353 and "having [Dolcefino] obtain certain financial documents of HLSR outside allowable discovery," and Dolcefino was "attempting to obtain information that [Williams] would not be entitled to obtain through the normal course of discovery and use such information in the instant lawsuit and to create negative publicity in an effort to prejudice HLSR." The trial court denied HLSR's motion.

Dolcefino also filed a verified Complaint of Violations of Chapter 22—Texas Business Organizations Code with the Harris County District Attorney's Office stating that, on March 23, 2018, Dolcefino "filed a request for information with [HLSR] under Chapter 22 of the Texas Business Organizations Code," and HLSR "then filed a protective order in a current civil litigation to withhold records sought." The complaint also stated that "a [c]ivil lawsuit" was pending but was "unrelated to the requested records."

After filing the complaint, Dolcefino requested inspection of "copies of documents detailing [HLSR's] general ledger for the last three fiscal years," "documents detailing purchases of currently held real estate" and a copy of HLSR's operating agreement with Reliant/NRG Stadium. HLSR advised Dolcefino that it was preparing HLSR's general ledger for the previous three years for "public

4

inspection," amounts paid to the performers would be redacted because HLSR considered that information as proprietary, confidential and trade-secret information, and "major donors names and amounts would be redacted." Dolcefino then requested "performance contracts with any concert performer from Jan. 1, 2014 to the present."

In the 334th District Court, HLSR moved for leave to file a counterclaim and a third-party petition for declaratory relief against Williams and Dolcefino, seeking a declaratory judgment regarding its obligations under section 22.353 and liability under 22.354[3] of the Business Organizations Code. Williams opposed the motion. According to Williams, she had retained Dolcefino "as an investigative consultant to assist counsel in locating and interviewing witnesses" but had not directed Dolcefino to make requests under section 22.353. Williams declared that many of the records sought were not relevant to the litigation, and were being sought "because [HLSR] has long been an interest to Dolcefino." She asserted that the declaratory judgment action would not only inconvenience her, but also delay her trial. She argued that HLSR's requested relief "[had] nothing to do with the [personal injury] suit," there was "no real controversy between [her] and HLSR," and "any real controversy" arising out of these requests was between Dolcefino and HLSR.

---

[3]  *See id.* § 22.354 (providing "fail[ure] to maintain a financial record, prepare an annual report, or make the record or report available to the public in the matter required by Section 22.353" is class B misdemeanor).

After a hearing, the judge of the 334th District Court denied HLSR's motion for leave to file a third-party petition.

HLSR then filed an Original Petition for Declaratory Relief, which was assigned to the 113th District Court and docketed as cause number 2018-50038 (the declaratory judgment suit). In its petition, HLSR named Dolcefino as the only defendant and again sought declarations regarding its obligations under section 22.353 and its liability under section 22.354. Dolcefino answered and asserted counterclaims for declaratory relief, a violation of section 36.06 of the Texas Penal Code, negligence per se, gross negligence and malice, and malicious prosecution.

In both the declaratory judgment suit and the personal injury suit, Dolcefino filed a Motion to Transfer/Consolidate. Dolcefino asked that the declaratory judgment suit be transferred from the 113th District Court to the 334th District Court or alternatively that the declaratory judgment suit and the personal injury suit be consolidated "into [the 334th District Court]." But the motion also stated that Dolcefino did not "specifically request the consolidation of [the declaratory judgment suit] into [the personal injury suit]." Dolcefino described the declaratory judgment suit as an "attempt to block the discovery of documents that may be directly relevant" to the personal injury suit and "consolidation" of the cases into the 334th District Court would "promote judicial economy." In response, HLSR asserted that the 334th District Court could not "unilaterally transfer" the declaratory

6

judgment suit to that court and consolidation was not proper because the two cases did not have common issues of law of fact. Further, consolidation "would deprive HLSR of its right to [a] speedy summary judgment hearing on its right to declaratory relief and result in delay and prejudice to HLSR."

Dolcefino set the Motion to Transfer/Consolidate for a hearing in the 334th District Court, the court to which the personal injury suit was assigned. At the hearing on Dolcefino's motion, Williams's counsel explained that Williams had "resolved [her] case with all parties," soon would be "non-suiting the remaining parties," and had already filed a motion to dismiss her claims against HLSR. HLSR's counsel explained further that, as to claims against the other defendants, there was "going to be a structured settlement," which was "going to take time." Dolcefino's counsel argued that the 334th District Court "still [had] the ability to consolidate" because it had not signed Williams's pending motion to dismiss HLSR and HLSR was "still a party." Counsel argued that it made "more sense to have" the declaratory judgment suit in 334th District Court because that court "[had] the entire history of this case" and "for judicial economy purposes," it would be "easier for [that court] to get up to speed." HLSR pointed out that, under Harris County District Courts Local Rule 3.2.5, transfer of the declaratory judgment case to the 334th District Court could be accomplished only by written order of the 113th District Court, with the written agreement of the 334th District Court, or by the written order of the

7

Administrative Judge of the Civil Trial Division, none of which had occurred. Further, HLSR argued that the declaratory judgment case and personal injury case did not meet the standards for consolidation of cases and that consolidation or transfer would delay the hearing that was set on HLSR's motion for summary judgment and Dolcefino's motion to dismiss. At the end of the hearing, the trial court stated that "the motion to consolidate is granted," and signed an order granting Dolcefino's Motion to Transfer/Consolidate. Later the same day, the trial court signed an order granting Williams's motion to dismiss and dismissed her claims against HLSR with prejudice.[4]

HLSR then filed its petition for a writ of mandamus in this Court.

## Standard of Review

Generally, to be entitled to mandamus relief, the relator must demonstrate that the trial court abused its discretion and that it has no adequate remedy by appeal. *See In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 299 (Tex. 2016) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without regard to guiding

---

[4]    After HLSR filed its mandamus petition, the trial court signed an order dismissing Williams's claims against the remaining personal injury suit defendants. And, documents filed in this Court indicate that the declaratory judgment suit was "administratively transferred to the 334th District Court" from the 113th District Court. We previously stayed the trial court's order granting the Motion to Transfer/Consolidate.

8

legal principles. *In re J.B. Hunt Transp.*, 492 S.W.3d at 293–94. A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* at 294; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). Thus, the trial court's failure to analyze or apply the law correctly constitutes an abuse of discretion. *See In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding).

A petitioner for mandamus relief also must demonstrate that it does not have an adequate remedy at law, such as a remedy by an appeal. *See In re J.B. Hunt Transp.*, 492 S.W.3d at 299. The adequacy of appeal as a remedy for an alleged clear abuse of discretion in an interlocutory ruling involves a balance of jurisprudential considerations that "implicate both public and private interests." *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (internal quotations omitted); *see In re Prudential Ins. Co.*, 148 S.W.3d at 136. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *See In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co.*, 148 S.W.3d at 136.

### Transfer/Consolidation

In its sole issue, HLSR first contends that the trial court abused its discretion in granting Dolcefino's motion to transfer/consolidate. HLSR argues that the trial court did not have any basis to consolidate the declaratory judgment case and the

personal injury case because there are no common issues of law or fact. HLSR further argues that the trial court did not have the authority to transfer the declaratory judgment suit from the 113th District Court to the 334th District Court because "a district court has no authority to unilaterally transfer a case to itself that is filed in another court."

Texas Rule of Civil Procedure allows district court judges to transfer a case from one court to another court. TEX. R. CIV. P. 330(e). Courts are to adopt local rules to govern the transfer of cases. TEX. GOV'T CODE ANN. § 74.093(a), (b); *see Polk v. Sw. Crossing Homeowners Ass'n*, 165 S.W.3d 89, 93 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). The local rules applicable to the Harris County district courts provide that:

> [a]ny case may be transferred from one court to another court by written order of the Administrative Judge of the Civil Trial Division or by written order of the judge of the court from which the case is transferred; provided, however, that in the latter instance the transfer must be with the written consent of the court to which the case is transferred.

Harris (Tex.) Civ. Dist. Loc. R. 3.2.5. Trial courts have broad discretion to transfer cases under a court's local rules but that discretion is not unlimited. *See In re Houston Lighting & Power Co.*, 976 S.W.2d 671, 673 (Tex. 1998) (orig. proceeding); *Alpert v. Gerstner*, 232 S.W.3d 117, 123 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

10

Neither the administrative judge nor the judge of the 113th District Court signed an order to transfer the declaratory judgment suit from the 113th District Court to the 334th District Court. The 334th District Court, acting by itself, did not have authority to transfer the declaratory judgment suit to that court. *See* Harris (Tex.) Civ. Dist. Loc. R. 3.2.5. Accordingly, in transferring the declaratory judgment suit to the 134th District Court, the trial court abused its discretion. *See Id.*; *In re Rio Grande Valley Gas Co.*, 987 S.W.2d 167, 176 (Tex. App.—Corpus Christi–Edinburg 1999, orig. proceeding); *see also In re City of Coppell*, 219 S.W.3d 552, 560–62 (Tex. App.—Dallas 2007, orig. proceeding);

HLSR further contends that the trial court abused its discretion in consolidating the declaratory judgment suit and the personal injury suit. Texas Rule of Civil Procedure 174(a) provides that "[w]hen actions involving common question of law or fact are pending before the court," a court "may order all actions consolidated." TEX. R. CIV. P. 174(a).[5] Consolidation "involves merging separate suits into a single proceeding under one docket number." *Hong Kong Dev., Inc. v.*

---

[5] HLSR also argues that consolidation was not available because a case was not "pending" in the 113th District Court. However, at the time that the trial court signed the order granting the motion to transfer/consolidate, the trial court had not disposed of all parties and claims in the personal injury suit. *See Thomas v. Oldham*, 895 S.W.2d 352, 356 (Tex. 1995) (holding suit or action "continues at least until the expiration of the trial court's plenary power over the proceeding"); *In re Guthrie*, 45 S.W.3d 719, 728 (Tex. App.—Dallas 2001, pet. denied) (explaining suit or action remains pending "until all issues have been determined, final judgment has been rendered, and postjudgment motions disposed of").

*Nguyen*, 229 S.W.3d 415, 432 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see Amir-Sharif v. Cadieux*, No. 05-14-01055-CV, 2015 WL 1346154, at *1 (Tex. App.—Dallas Mar. 15, 2015, no pet.) (mem. op.) ("After consolidation all issues of law and fact are merged."). Under the Harris County district court local rules, a motion to consolidate cases is "heard in the court where the first filed case is pending" and, if the motion is granted, "the consolidated case will be given the number of the first filed case and assigned to that court." Harris (Tex.) Civ. Dist. Loc. R. 3.2.3.

A trial court has broad but not unlimited discretion to consolidate cases with common issues of law or fact. *See In re Woodward*, No. 12-16-00032-CV, 2016 WL 1731473, at *2 (Tex. App.—Tyler Apr. 29, 2016, orig. proceeding) (mem. op.); *In re Gulf Coast Bus. Dev. Corp.*, 247 S.W.3d 787, 794 (Tex. App.—Dallas 2008, orig. proceeding); *Lone Star Ford, Inc. v. McCormick*, 838 S.W.2d 734, 737 (Tex. App.—Houston [1st Dist.] 1992, writ denied). A trial court may consolidate actions that relate to substantially the same transaction, occurrence, subject matter, or question. *In re Gulf Coast*, 247 S.W.3d at 794; *Crestway Care Ctr., Inc. v. Berchelmann*, 945 S.W.2d 872, 873–74 (Tex. App.—San Antonio 1997, orig. proceeding); *Lone Star Ford*, 838 S.W.2d at 737. "The actions should be so related that the evidence presented will be material, relevant, and admissible in each case." *In re Gulf Coast*, 247 S.W.3d at 794; *see Crestway Care Ctr.*, 945 S.W.2d at 874. A trial court may

12

abuse its discretion by "incorrectly resolving the relatedness issue or by consolidating cases when the consolidation results in prejudice to the complaining party." *In re Gulf Coast*, 247 S.W.3d at 794 (internal quotations omitted). "The central and primary requirement for consolidation of actions as directed by rule 174(a) is that there must exist common issues of law or fact in both cases." *Id.* at 795. Consolidation is improper "if the parties and issues differ." *Hong Kong Dev.*, 229 S.W.3d at 439.

HLSR argues that consolidation of the declaratory judgment suit and the personal injury suit was improper, in part, because the two lawsuits "are dramatically different" and do not have common issues of law and fact. Dolcefino argues that consolidation was warranted because "many/all of the requests" made to HLSR resulted from, and were related to, the personal injury suit; decisions in the declaratory judgment suit "could have a direct impact on" the personal injury suit, and the 334th District Court had "detailed knowledge of this case and these issues."

The pleadings in the declaratory judgment suit and the personal injury suit reflect that the two suits do not have common issues of law and fact. The issues in the personal injury suit involved Williams's tort claims against the defendants for sexual assault, negligence, gross negligence, and premises liability for which she sought actual and exemplary damages. The issues in the declaratory judgment suit involve the dispute between Dolcefino and HLSR regarding the interpretation or

13

construction of provisions of sections 22.353 and 22.354 of the Business Organizations Code and HLSR's obligations and liability under those provisions. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 370 (Tex. 2009) (explaining declaratory judgment act is remedial statute designed "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, or other legal relations" (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b))).

Nevertheless, Dolcefino argues that consolidation was proper because HLSR judicially admitted that the two cases are "sufficiently related." When it filed its motion for leave to file a third-party petition, HLSR argued that "Dolcefino [was] a necessary party with regard to [HLSR's] request for declaratory relief" and the "request for declaratory relief is tangentially related to matters before the [c]ourt." Dolcefino also asserts that the statement, in HLSR's reply in support of the motion for leave, that "[Williams's] claim that the relief that HLSR seeks 'has nothing to do with the underlying suit [was] simply not true'" is a judicial admission supporting consolidation.

An assertion of fact, not pleaded in the alternative, in a party's live pleading is regarded as a formal judicial admission, and the judicially admitted fact is established as a matter of law. *In re Spooner*, 333 S.W.3d 759, 764 (Tex. App.— Houston [1st Dist.] 2010, orig. proceeding). In order for a pleading to be deemed a judicial admission, it "must be clear, deliberate, and unequivocal." *Id.* Even if

14

HLSR's statements are judicial admissions, they do not allege, much less establish, that the two suits have common issues of law and fact or that the declaratory judgment suit and personal injury suit are "sufficiently related" to justify consolidation.

The record does not demonstrate that Dolcefino met his burden to show the primary requirement for consolidation, that is, the existence of common issues of law and fact. Even if the cases have some relation through Dolcefino's role as an investigator in Williams's suit, the operative facts and applicable law in each case differ. Absent common issues of law and fact, consolidation of the two cases in the 334th District Court was improper and the trial court abused its discretion in consolidating the two suits. *See In re Gulf Coast*, 247 S.W.3d at 796.

### Adequate Remedy

Also in its sole issue, HLSR contends that its remedy by appeal is inadequate. HLSR argues that mandamus relief is appropriate "in the special circumstances here" because there was no authority for the trial court's order and the order allowed Dolcefino to "select the court for consolidation" and defeated the procedures for random assignment of cases. Dolcefino responds that the trial court's ruling is an incidental trial court ruling for which an appellate remedy is adequate.

HLSR is entitled to mandamus relief only if it lacks an adequate remedy by appeal. "An appellate remedy is 'adequate' when any benefits to mandamus review

15

are outweighed by the detriments." *In re Prudential Ins. Co.*, 148 S.W.3d at 136. "There is no definitive list of when an appeal will be 'adequate,' as it depends on a careful balance of the case-specific benefits and detriments of delaying or interrupting a particular proceeding." *In re Gulf Expl., LLC*, 289 S.W.3d 836, 842 (Tex. 2009) (orig. proceeding).

On the record before us, Dolcefino has made no showing of any case specific benefits that would result from a denial of this mandamus request. At the time the hearing on the motion to consolidate or transfer was conducted, and, indeed prior to the granting of the motion, Williams had announced in open court that her personal injury suit had settled and HLSR would be dismissed from the case that same day. In fact, HLSR was dismissed from the case on Williams's motion and the order signed by the court later the same day. There was no personal injury action in the 334th District Court which would benefit from a consolidation, and there was no discovery needed for the personal injury action in the 334th District Court because the action had been settled and HLSR had been dismissed. The case subjected to interruption and delay is the declaratory judgment action pending in the 113th District Court that was the object of the void transfer order.[6]

---

[6] The transfer was also stayed by order of this Court and the case remains pending in the 113th District Court.

16

HLSR argues that allowing Dolcefino to select a court for consolidation is, on this record, merely a transfer of a declaratory judgment action from one court to another and amounts to forum shopping. HLSR maintains that this defeats the procedures used for random assignment of cases and degrades confidence in the legal system such that it calls for the extraordinary relief provided by the writ of mandamus.

Texas courts have held that "[p]ractices that subvert random assignment procedures breed 'disrespect for and [threaten] the integrity of our judicial system.'" *In re Union Carbide Corp.*, 273 S.W.3d 152, 157 (Tex. 2008) (orig. proceeding) (quoting *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997) (orig. proceeding)). We do not have to consider whether the motions to consolidate and transfer were meant to be an end run around Harris County's local rules and procedures effectuating random assignment because the motion and the court's abuse of discretion in granting the motion resulted in circumvention of the rules governing random assignment of cases. There will be no detriment to either party and significant benefit to the judicial system if mandamus relief is granted.

The Harris County district court local rules set out the procedure for the random assignment of cases. *See* Harris (Tex.) Civ. Dist. Loc. R. 3.1; *In re Mike Hooks, Inc.*, No. 01-12-00503-CV, 2012 WL 3629000, at *4 (Tex. App.—Houston [1st Dist.] Aug. 23, 2012, orig. proceeding) (mem. op.). After the 334th District

Court denied its request to file a third-party petition, HLSR filed its declaratory suit as a separate lawsuit. And, that lawsuit was randomly assigned to the 113th District Court, as provided by the local rules. At this stage, the declaratory judgment suit stands alone as the claims in the personal injury suit have been resolved. The transfer or assignment of the declaratory judgment case to the 334th District Court circumvented the random assignment of cases and, in these circumstances, giving priority to those rules will further the interests of the courts of Harris County and the judicial system in general. *See In re Union Carbide*, 273 S.W.3d at 157; *In re Mike Hooks*, 2012 WL 3629000, at \*4. We conclude that HLSR does not have an adequate remedy by appeal.

We sustain HLSR's sole issue.

## Conclusion

Accordingly, because we conclude that the trial court abused its discretion in granting Dolcefino's motion to transfer/consolidate and HLSR does not have an adequate remedy by appeal, we conditionally grant the petition for a writ of mandamus and direct the trial court to withdraw its September 14, 2018 order granting the Motion to Transfer/Consolidate. The writ will issue only if the trial court fails to comply. Finally, we vacate our order, issued on September 18, 2018, staying the trial court's September 14, 2018 order and dismiss all pending motions as moot.

Russell Lloyd
Justice

Panel consists of Justices Lloyd, Landau, and Countiss.